UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN HARTSTEIN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:10-CV-2301 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the court on the motion of Karen Hartstein to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Also before the court is Hartstein's motion for leave to file an addendum to her motion to vacate. The United States has filed responses in opposition.

### I. Background

Hartstein was charged in a 53-count indictment alleging mail fraud, wire fraud, and credit card fraud offenses. On February 17, 2006, Hartstein pled guilty to mail fraud, in violation of 18 U.S.C. § 1341 (Count 18), and credit card fraud, in violation of 18 U.S.C. § 1029(a)(2) (Count 49). At the time of the plea, Hartstein was represented by attorney Stephen Welby; a second attorney, Adam Fein, joined Mr. Welby at the sentencing hearing. After a day-long sentencing hearing, Hartstein was sentenced to an aggregate term of 135 months' imprisonment. Hartstein appealed, and the case was remanded for re-sentencing based on the finding that the court erred in allocating the burden of proof in the loss determination. United States v. Hartstein, 500 F.3d 790, 797 (8th Cir. 2007), cert. denied, 552 U.S. 1102 (2008) ("Hartstein I").

On remand, the court conducted a second sentencing hearing and determined that the loss amount was the same as it had previously found. The court again imposed a 135-month sentence. The judgment was affirmed on appeal. United States v. Hartstein, 557 F.3d 589 (8th Cir.), cert. denied, 558 U.S. 1083 (2009) ("Hartstein II"). Hartstein was represented by attorney Lawrence Fleming at the second sentencing hearing and on both appeals.

II. Motion to Vacate

Hartstein asserts six grounds for relief in her § 2255 motion, each based on a claim of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a movant must show that her attorney's performance fell below an objective standard of reasonableness and that she was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. in making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should

> recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690. To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. Ground One: Failure to Convey Plea Offer

Hartstein alleges that the government offered a plea agreement that included a specific sentence of 51-63 months' imprisonment, but Mr. Welby did not inform her of the offer. In support, Hartstein submits an email from the government's attorney to Mr. Welby, dated February 7, 2006, which refers to an "attach[ed] revised plea agreement." At the bottom of the message are some handwritten numbers, including the notations "51-63" and "57-71."

In an affidavit, Mr. Welby states that he relayed the plea offer contained in the February 7 email to Hartstein, and that the handwriting on the message is his. He also states that "[t]here was never an offer made for a fixed term of imprisonment." [Doc. # 24-1, p. 2]. Likewise, David Rosen, the government's attorney, states in his affidavit that there was never an offer for a specific sentence. [Doc. # 24-2, p.1]. Scribbled numbers on a piece of paper do not prove the existence of a plea offer for

a specific term of imprisonment. Hartstein has not provided sufficient factual support for her claim in Ground One.

### B. Ground Two: Coerced Guilty Plea

Hartstein alleges that her attorney allowed the government to coerce her into pleading guilty and instructed her to deny the coercion when questioned during the change of plea hearing. In support of her claim, Hartstein submits an email from Mr. Rosen to Mr. Welby, stating "You may tell Ms. Hartstein that if we have a singed [sic] plea agreement by 9:30 am tomorrow, we will not request that she be taken off bond at the time of her plea." [Doc. # 1-2, p. 58].

Nothing in the email can reasonably be interpreted as threatening or coercive. Further, it would be unreasonable to draw the inference that Hartstein's refusal to plead guilty would lead to a request to revoke her release. During the change of plea hearing, Hartstein stated under oath that she was pleading guilty voluntarily and not as a result of any coercion. United States v. Karen Hartstein, No. 4:05-CR-186 (E.D.Mo.) [Doc. # 110, p. 11]. Hartstein's present claim that she was forced into pleading guilty and that her attorney told her to lie to the court is squarely contradicted by the record and is wholly unpersuasive. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); United States v. Harvey, 147 Fed. Appx. 627 (8th Cir. 2005) (defendant's claim of coerced guilty plea was contradicted by the record). Finally, Hartstein's conduct at the resentencing hearing undermines her claim of coercion. Although the allegation of duress was raised at the resentencing hearing, Hartstein specifically declined the opportunity to request to withdraw her guilty plea. United States v. Karen Hartstein,

No. 4:05-CR-186 (E.D.Mo.) [Doc. # 201, pp. 110-112, 141]. Thus, the record shows that Hartstein suffered no prejudice.

She is not entitled to relief on Ground Two.

### C. Ground Three: Failure to Object to Restitution

Hartstein claims that her attorney was ineffective in allowing the court to order restitution "beyond the notice given [to her] during the Rule 11 hearing."

In the plea agreement, Hartstein agreed to pay restitution "to all victims of all charges in the indictment, without regard to the count or counts to which the defendant has agreed to plead guilty." United States v. Karen Hartstein, No. 4:05-CR-186 (E.D.Mo.) [Doc. # 94, p. 11]. During the change of plea hearing, the court advised Hartstein that "[w]ith respect to each of the two counts, you may be required to pay restitution to any victim of these offenses." Id. [Doc. # 110, p. 14]. However, any misstatement by the court with respect to restitution did not alter the parties' agreement. What is more important is that Mr. Welby could not seek to limit the scope of the restitution to the two counts of conviction without breaching the plea agreement. Certainly, he cannot be faulted for adhering to the terms of the parties' agreement.

Even if it could be said that Mr. Welby should have objected, Hartstein has not shown a reasonable probability that a lesser amount of restitution would have been ordered. Thus, she has not demonstrated prejudice and is not entitled to relief on Ground Three.

### D. Ground Four: Failure to Request a Continuance

Hartstein claims that Mr. Welby was ineffective by failing to request a continuance of the first sentencing hearing to allow for the attendance of a witness---

William Runge---who could point out the errors in the government's loss calculation. According to affidavits submitted with Hartstein's traverse, Mr. Runge was recovering from surgery at the time of the hearing and requests were made to Mr. Welby to seek a continuance until Mr. Runge was able to attend.

Even if it could be said that Mr. Welby's conduct under these circumstances fell below an objective standard of reasonableness, Hartstein cannot demonstrate prejudice. She presents no evidence that Mr. Runge was unavailable at the second sentencing hearing, nor does she criticize Mr. Fleming, the attorney who represented her at that hearing, for failing to call Mr. Runge as a witness.[1] Although the Eighth Circuit ruled that Hartstein would be bound at second hearing by concessions she made at the first hearing, neither the appellate nor the district court placed any limitation on her presentation of evidence to contradict the government's loss calculation. See Hartstein I, 500 F.3d at 800.

Hartstein is not entitled to relief on Ground Four.

E. Ground Five: Concession of Loss

Hartstein alleges that Mr. Welby conceded a loss amount of $970,000 without her authorization. In his affidavit, Mr. Welby states that he reviewed the victims and loss amounts with Hartstein "on multiple occasions," and she had no objection to them.

---

[1] Hartstein does criticize Mr. Fleming's failure to raise continuance issue on appeal. Even if he had, claims of ineffective assistance of counsel are not reviewed on direct appeal, "[e]xcept where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice. . ."on direct appeal. United States v. Woods, 270 F.3d 728, 730 (8th Cir. 2001), cert. denied, 535 U.S. 948 (2002). So, it is unlikely that the Eighth Circuit would have entertained the issue had it been raised. In any event, as discussed above, Hartstein was given a second chance to present Mr. Runge's testimony.

[Doc. # 24-1, p. 4]. Even if Hartstein's allegation were true, she cannot demonstrate prejudice.

As noted above, the court conducted two sentencing hearings that focused on the amount of loss. At the first hearing, Mr. Welby argued that the loss amount was between $400,000 and $1 million, and that the appropriate guideline range was 37-46 months. At the conclusion of both hearings, the court determined the applicable sentencing guideline range, based in part on its determination of the loss amount. Both times, the court concluded that the loss exceeded $2.5 million and that the guideline range was 108-135 months. Even with the allegedly unauthorized concession, Mr. Welby's sentencing guideline calculation was far below that of the court's.

It must be noted that Hartstein does not assert that the $970,000 amount was incorrect (although she speculates that there may have been some errors in arriving at the amount), just that its concession was unauthorized. Indeed, Hartstein states that she "always thought that amount $970,000.00 that Counsel Welby had come up with after putting together accounting summaries of who she paid back, or partially paid back, or had not paid back at all **was for restitution purposes, not loss purposes.**" [Doc. # 14, p. 52 (emphasis added)]. Hartstein cannot demonstrate a reasonable probability that the court would not have considered $970,000 as part of the loss calculation, regardless of any concession made by counsel.

Hartstein is not entitled to relief on Ground Five.

### Ground Six: Errors at Resentencing Hearing

Hartstein claims that Mr. Fleming was ineffective at the resentencing hearing because he did not comply with her instructions to "show the Court that the loss was under 2.5 million." [Doc. # 14, p. 59]. She also appears to fault Mr. Fleming for not pointing out Mr. Welby's errors to the court. It is clear from the transcript of the resentencing hearing that the court would not allow the defense to backtrack from concessions made at the first hearing and did not find Hartstein's allegations of duress credible. United States v. Karen Hartstein, No. 4:05-CR-186 (E.D.Mo.) [Doc. # 201, pp. 110-112, 141]. It is also clear that the court was unwilling to entertain any claims of ineffective assistance of counsel. United States v. Karen Hartstein, No. 4:05-CR-186 (E.D.Mo.) [Doc. # 201, pp. 110-112, 141]. Mr. Fleming's compliance with the restrictions imposed by the court cannot be considered conduct falling below an objective standard of reasonableness.

Hartstein also asserts that Mr. Fleming should have requested that she be allowed to withdraw her guilty plea. At resentencing, the court asked Mr. Fleming whether Hartstein wanted to withdraw her guilty plea and he responded that she did not. Id. [Doc. # 201, pp. 110-112, 141]. During allocution, Hartstein made no request to withdraw her guilty plea. Id. [Doc. # 201, pp. 135-149]. Instead, she repeatedly stated that she accepted responsibility and wanted to repay the victims.

After a guilty plea is accepted by the court but before sentencing, a defendant may withdraw a guilty plea only if she "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Thus, withdrawal of a guilty plea is not a matter of right. United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997). Given the

court's determination that Hartstein's allegations of duress are not credible, it is unlikely that Hartstein could have shown a "fair and just reason" supporting withdrawal of her guilty plea. Thus, she cannot show a reasonable probability that a withdrawal request would have been granted.

Hartstein is not entitled to relief on Ground Six.

## II. Motion for Leave to File Addendum

Hartstein seeks permission to supplement her ineffective assistance of counsel claim in Ground One by citing to Lafler v. Cooper, __ U.S. ___, 132 S Ct. 1376, 182 L.Ed.2d 398 (2012) and Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399, 182 L.Ed.2d 379 (2012). As discussed above, the court has concluded that the government did not make a plea offer to Hartstein that was not communicated to her by her attorney. Further, Hartstein has not claimed that her attorney encouraged her to reject a plea offer and proceed to trial. The rulings in Laffler and Frye have no application in this case.

Hartstein also seeks leave to file two exhibits. Exhibit 1 is already part of the record in the case and Exhibit 2 is a restatement of arguments Hartstein has advanced in earlier filings.

The motion for leave to file the supplement will be denied.

## III. Conclusion

For the reasons set out above, the court concludes that motion and the files and records of this case show that Hartstein is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims she asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th

Cir. 1995). Additionally, the court finds that Hartstein has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order denying the motion will be separately filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2014.